# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| KURTIS LADELL BROWN III,<br>a.k.a. CURTIS LEE BROWN, SR.,<br>a.k.a. CURTIS L. BROWN, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. CV407-124 |
| GREGORY THOMAS, *Deputy*<br>*Warden of Care and Treatment at*<br>*Coastal State Prison*; SONNY<br>PERDUE, *Governor*; JAMES E.<br>DONALD, *Commissioner*;<br>DON JARIEL, *Warden, Smith State*<br>*Prison*; and JOHNSON, *Deputy*<br>*Warden of Care and Treatment at*<br>*Smith State Prison*, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On September 25, 2008, the Court ordered plaintiff to show cause why

his case should not be dismissed for his failure to answer truthfully the

question on his civil complaint form which inquired about his prior

lawsuits. (Doc. 8.) In his response to that Order, plaintiff states that he

"inadvertently mis-answered" the question and indicates that he will

"double check his work before submitting any documentation" in the

future. (Doc. 11 at 1.) Plaintiff's response is not convincing, and the Court

finds that he has failed to show just cause for his blatent deception

regarding his filing history. This case, therefore, should be **DISMISSED**

without prejudice and should be deemed to qualify as a "strike" for

purposes of 28 U.S.C. § 1915(g).

Question 1(B) of the standard form complaint requires prisoners to

disclose whether they have brought any other federal lawsuits while

incarcerated. (Doc. 1 at 2.) Under penalty of perjury, plaintiff indicated

that the question was not applicable to him. (Id.; Doc. 11 at 1.) The Court,

however, is aware of at least two relatively recent federal cases that he

failed to disclose. Brown v. St. Lawrence, No. CV406-113 (S.D. Ga. filed

May 1, 2006); Brown v. Wilcher, No. CV406-103 (S.D. Ga. filed Apr. 19,

2006). Plaintiff proceeded under assumed names in both of those cases.[1]

Plaintiff's failure to disclose his filing history in the present case, when

considered together with his use of assumed names on prior complaints and

---

[1] Although plaintiff filed the present case as Kurtis Ladell Brown, he filed the prior two cases using the alias "Curtis Lee Brown" or "Curtis L. Brown." The Georgia Department of Corrections has noted that "Curtis Lee Brown" is one of plaintiff's known aliases. Ga. Dep't of Corr. Query, http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited October 8, 2008). Considering plaintiff's willingness to use aliases in his filings with this Court, it is entirely possible that he has filed several more cases that have yet to be uncovered.

the fact that his undisclosed prisoner suits were both filed within the last two years, leads the Court to conclude that he has purposefully attempted to disguise his filing history.

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v.Castro, 465 F.3d 479, 484 (11th Cir. 2006). And "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

Plaintiff clearly had not forgotten the fact that he had initiated previous civil suits as a prisoner. His explanation that he "inadvertently" failed to disclose those suits is a transparent lie. Based upon plaintiff's

dishonesty, this case should be **DISMISSED** without prejudice. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007); Williams v. Brown, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); Gillilan v. Walker, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history).

Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[2] The next time, plaintiff may face more serious sanctions, including not only the dismissal of his action

---

[2] In Rivera, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id.

with prejudice but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for prosecution as a criminal contempt (or for lying while under oath).

**SO REPORTED AND RECOMMENDED** this 10th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA